STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CLAUDIA S. WEISS | ) | |
| Plaintiff | ) | CIVIL ACTION |
| | ) | NO. 301CV1658 (DJS) |
| v. | ) | |
| | ) | |
| MARTIN T. WEISS, ROBERT B. | ) | |
| YOUNG, CARRIE GERVAIS, SUSAN | ) | |
| MULVEY, MONICA CLAPP AND | ) | OCTOBER 31, 2003 |
| CAROL BELLMAN | ) | |
| Defendants | ) | |

**JOINT TRIAL MEMORANDUM**

Pursuant to the Court's Joint Trial Memorandum Order, the parties hereby submit their Joint Trial Memorandum.

1)    Trial Counsel:

Plaintiff: Claudia Weiss:    William Moller, Esq.
Moller, Peck & O'Brien, LLC
1010 Wethersfield Avenue
Hartford, CT 06114

Defendant: Martin Weiss:    Charles Vermette, Jr., Esq.
Litchfield Cavo
40 Tower Lane, Suite 200
Avon, CT  06601

Defendant: Robert Young:    Deborah Etlinger, Esq.
Wolf, Horowitz, Etlinger & Case, LLC
99 Pratt Street, Suite 401
Hartford, CT 06103

1

Defendants: Susan Mulvey and Carol Bellman:

> John B. Oestreicher, Esq.
> Shea & Oestreicher, PC
> 275 Branford Road
> North Branford, CT 06471

2)    <u>Jurisdiction</u>: The Court's jurisdiction is based upon diversity of citizenship.

3)    <u>Jury/Non-Jury</u>: This case is to be tried to a Jury.

4)    <u>Length of Trial</u>: Counsel estimate the trial of this matter will take ten (10) trial days.

5)    <u>Further Proceedings</u>: None

6)    <u>Nature of Case</u>:

Plaintiff's claims as to Martin T. Weiss:  The plaintiff's common law and statutory vexatious litigation claim asserts that Martin T. Weiss filed and prosecuted an Application for Relief from Abuse without probable cause.  Defendant Weiss denies that he filed or prosecuted the Application without probable cause or with malice, and denies that the Application terminated in favor of Claudia Weiss.  The plaintiff is also asserting claims of assault and battery, false imprisonment and intentional infliction of emotional distress stemming from events between December 23, 1999 and January 4, 2000.  Defendant Weiss denies these claims.  Martin Weiss has asserted a counterclaim for abuse of process and vexatious litigation arising from Claudia Weiss' filing of this action.

Plaintiff's claims as to Robert Young: The Plaintiff's claims as to Mr. Young sound in common law and statutory vexatious litigation.  She claims that Mr. Young commenced and prosecuted an Application for Relief From Abuse without probable cause.  Defendant Young denies that he filed the subject Application and that he prosecuted it without probable cause.

WOLF, HOROWITZ, ETLINGER & CASE,  L. L. C. *Counselors At Law*
99 Pratt Street, Hartford, Connecticut 06106-1817 *(860) 724-6667 * Fax (860) 293-1979 * Juris No. 402488

Plaintiff's claims as to Susan Mulvey and Carol Bellman:  The Plaintiff's claims as to Ms. Mulvey and Ms. Bellman sound in common law and statutory vexatious litigation.  She claims that Ms. Mulvey and Ms. Bellman commenced and prosecuted an Application for Relief From Abuse without probable cause.

7)    <u>Trial By Magistrate Judge</u>: The Parties have agreed to a trial by a Magistrate Judge.  The parties have elected to have any appeal heard by the Court of Appeals.

8)    <u>List of Witnesses</u>:

<u>Defendants' List of Witnesses</u>:

    a)  Robert Young, Esq.
       559 Hartford Pike, Suite 206
       Dayville, CT 06241

The anticipated length of Mr. Young's testimony on direct examination is 2.5 hours. It is anticipated that Mr. Young will testify regarding his employment at the Weiss & Weiss law firm. In addition, he will testify regarding the circumstances surrounding the filing of the Application for Relief from Abuse.  He will also testify regarding the circumstances surrounding his execution of the Affidavit including the reasons he executed the Affidavit.  In addition, he will testify regarding the Plaintiff's retirement from the practice of law.

    b)  Monica Clapp
       53 Winthrop Drive
       Moosup, CT 06351

The anticipated length of Ms. Clapp's testimony on direct examination is 1.5 hours. It is anticipated that Ms. Clapp will testify regarding her employment at the Weiss & Weiss law firm. In addition she will testify regarding the circumstances surrounding the filing of the Application

for Relief from Abuse, including the circumstances surrounding her execution of the Affidavit.

She will also testify regarding the Plaintiff's retirement from the practice of law.

> c)  Carrie A. Gervais
>     81 Lori Drive
>     Plainfield, CT 06374

The anticipated length of Ms. Gervais' testimony on direct examination is 1.5 hours. It is

anticipated that Ms. Gervais will testify regarding her employment at the Weiss & Weiss law

firm.  In addition she will testify regarding the circumstances surrounding the filing of the

Application for Relief from Abuse, including the circumstances surrounding her execution of the

Affidavit.  She will also testify regarding the Plaintiff's retirement from the practice of law.

> d)  Susan Mulvey
>     630 Bailey Hill Road
>     Dayville, CT 06241

The anticipated length of Ms. Mulvey's testimony on direct examination is 1.5 hours. It is

anticipated that Ms. Mulvey will testify regarding her employment at the Weiss & Weiss law

firm.  In addition she will testify regarding the circumstances surrounding the filing of the

Application for Relief from Abuse, including the circumstances surrounding her execution of the

Affidavit.  She will also testify regarding the Plaintiff's retirement from the practice of law.

> e)  Carol  Bellman
>     109 South Bear Hill Road
>     Chaplin, CT 06235

The anticipated length of Ms. Bellman's testimony on direct examination is 1.5 hours. It

is anticipated that Ms. Bellman will testify regarding her employment at the Weiss & Weiss law

firm.  In addition she will testify regarding the circumstances surrounding the filing of the

WOLF, HOROWITZ, ETLINGER & CASE,  L. L. C. *Counselors At Law*
99 Pratt Street, Hartford, Connecticut 06106-1817 *(860) 724-6667 * Fax (860) 293-1979 * Juris No. 402488

Application for Relief from Abuse, including the circumstances surrounding her execution of the

Affidavit. She will also testify regarding the Plaintiff's retirement from the practice of law.

f)    Martin T. Weiss, Esq.
      Law Office of Martin T. Weiss & Associates, LLC
      133 School Street
      Danielson, CT 06239

The anticipated length of Mr. Weiss' testimony on direct examination is 8.0 hours. It is

anticipated that Mr. Weiss will testify regarding incidents leading to his separation and ultimate

divorce from the Plaintiff, as well as events during the course of the divorce action, including the

trial. He will also testify concerning his whereabouts and actions on January 4, 2000. He will

further testify concerning his filing of the Application for Relief from Abuse and the filing of the

Affidavit. In addition, he will testify regarding the terms of the marital dissolution agreement

drafted by the Plaintiff, the activities of the parties in effectuating the terms of the agreement,

and plaintiff's retirement from the practice of law. He will testify regarding the Plaintiff's

preexisting psychological problems including her estrangement from her father, alcohol abuse,

and other significant mental problems. Finally, he will further testify as to his damages on the

counterclaim.

g)    Jeffrey W. Hill, Esq.
      Suisman, Shapiro, Wool, Brennan, Gray & Greenberg, PC
      Two Union Plaza, Suite 200
      New London, CT 06320

It is anticipated that Attorney Hill will testify on direct examination for approximately 1.0

hours. It is anticipated that Attorney Hill will testify regarding his representation of Defendant

Martin Weiss in the divorce action captioned <u>Claudia S. Weiss v. Martin T. Weiss</u>, Docket

Number FA 99 0071672 S. In addition, he will testify regarding the circumstances surrounding

the out of court compromise with respect to the January 5, 2000 Application for Relief from

Abuse.

> h)  Robert B. Katz, Esq.
>     Levy & Droney, P.C.
>     Pondview Corporate Center
>     74 Batterson Park Road
>     Farmington, CT 06032

It is anticipated that Attorney Katz will testify on direct examination for approximately

1.0 hour.  It is anticipated that Attorney Katz will testify regarding his representation of Plaintiff

Claudia Weiss in the divorce action captioned <u>Claudia S. Weiss v. Martin T. Weiss</u>, Docket

Number FA 99 0071672 S.  In addition, he will testify regarding the circumstances surrounding

the out of court compromise reached with respect to the January 5, 2000 Application for Relief

from Abuse.

> i)  Lee S. Wesler, M.D.
>     Medical Center of  Northeast Connecticut
>     612 Hartford Pike, Route 101
>     Dayville, CT 06241

It is anticipated the testimony of Dr. Wesler on direct examination will take

approximately one hour (1.0). Dr. Wesler will testify regarding the Plaintiff's preexisting

psychological problems including her history of major depression with an eating disorder, her

family history and history of treatment with psychotropic medication.

> j)  Anne C. Pratt, Ph.D.
>     TSI/CAAP
>     22 Morgan Farms Drive
>     South Windsor, CT 06074

It is anticipated that Dr. Pratt will testify for 2.0 hours on direct examination.  Dr. Pratt

will testify regarding the psychological assessment she performed on the Plaintiff and the results

WOLF, HOROWITZ, ETLINGER & CASE,  L. L. C. *Counselors At Law*
99 Pratt Street, Hartford, Connecticut 06106-1817 *(860) 724-6667 * Fax (860) 293-1979 * Juris No. 402488

of that assessment.  In addition she will testify regarding statements made to her by the Plaintiff.

Finally, she will testify regarding the Plaintiff's psychological conditions.

        k)  Caroline Young
            502 Whet Stone Mills
            Dayville, CT 06241

It is anticipated that Ms. Young will testify on direct examination for a half hour (.5). She

will testify regarding Defendant Robert Young's home life at or about the time he executed the

January 5, 2000 Affidavit.

        l)  Trooper Paul Black
            Connecticut State Police
            55 Westcott Road
            Danielson, CT 06239

It is anticipated that Trooper Black will testify for 1.5 hours on direct examination.

Trooper Black will testify regarding the circumstances of the Plaintiff's arrest and his

investigation into the events of January 4, 2000.

        m)  Ronald Franzino, M.D.
            499 Pomfret Street
            Putnam, CT 06260

It is anticipated that Dr. Franzino will testify for one hour (1.0) on direct examination.

Dr. Franzino will testify regarding the information he relayed to Mr. Young regarding the

Plaintiff.  He will further testify about the events of January 4, 2000.

        n)     Norma Arel
            28B Mount Hyegia Road
            Foster, RI 02825-1435

It is anticipated Ms. Arel will testify about the events of January 4, 2000.

WOLF, HOROWITZ, ETLINGER & CASE,  L. L. C. *Counselors At Law*
99 Pratt Street, Hartford, Connecticut 06106-1817 *(860) 724-6667 * Fax (860) 293-1979 * Juris No. 402488

    o)       Peter Cooper
              c/o Harvest Restaurant
              Route 44
              Pomfret, CT 06259

It is anticipated Mr. Cooper will testify to Claudia Weiss' presence, demeanor, behavior, and alcohol consumption at the Harvest Restaurant on January 4, 2000.

    p)       Mrs. Marie Franzino
              499 Pomfret Street
              Putnam, CT 06260

It is anticipated Mrs. Franzino will testify about the events of January 4, 2000.

    q)       Peter Crelan (f/k/a Peter Weiss)
              312 Whetstone Mills
              Dayville, CT 06241

It is anticipated Mr. Crelan will testify about the November 1999 incident with Mr. St. Clair, his subsequent arrest and criminal proceedings; the relationship between Claudia Weiss and Martin Weiss; and Claudia Weiss' behavior and demeanor in late 199 and early 2000.

    r)       Sergeant Jeffrey Paul Lavallee
              Sturbridge Police Department
              346 Main Street
              Sturbridge, Massachusetts

It is anticipated Sergeant Lavallee will testify concerning the arrest of Claudia Weiss on or about October 30, 1999, the events of that evening, and contacts with Claudia Weiss on subsequent occasions.

    s)       Sergeant Alan Curboy
              Sturbridge Police Department
              346 Main Street
              Sturbridge, Massachusetts

WOLF, HOROWITZ, ETLINGER & CASE, L. L. C. *Counselors At Law*
99 Pratt Street, Hartford, Connecticut 06106-1817 *(860) 724-6667 * Fax (860) 293-1979 * Juris No. 402488

It is anticipated Sergeant Curboy will testify concerning the arrest of Claudia Weiss on or about October 30, 1999, the events of that evening, and contacts with Claudia Weiss on subsequent occasions.

t)      Trooper Max Freyer
        Connecticut State Police, Troop D
        55 Westcott Road
        Danielson, CT 06239

It is anticipated Trooper Freyer will testify concerning the investigation of events of January 4, 2000.

u)      Jamie Calabrese
        172 Peterson Road
        Pomfret, CT 06258

It is anticipated Ms. Calabrese will testify concerning the motor vehicle accident of January 4, 2000.

w)      John Dinsdale
        172 Peterson Road
        Pomfret, CT 06258

It is anticipated Me. Dinsdale will testify concerning the motor vehicle accident of January 4, 2000.

9)    Exhibits:

      Defendants' Exhibits:

      1)    January 5, 2000 Application for Relief From Abuse;

      2)    January 5, 2000 Affidavit executed by Martin Weiss, Susan E. Mulvey, Robert B. Young, Monica Clapp, Carol Bellman and Carrie Gervais;

      3)    November 17, 1999 Newspaper Article "Another Windham Deputy Arrested";

WOLF, HOROWITZ, ETLINGER & CASE,  L. L. C. *Counselors At Law*
99 Pratt Street, Hartford, Connecticut 06106-1817 *(860) 724-6667 * Fax (860) 293-1979 * Juris No. 402488

4)      November 17, 1999 Newspaper Article "Lawyers Claims Deputy Sheriff Attacked Him";

5)      November 18, 1999 Newspaper Article "Windham Deputy Sheriff Charged With Assault";

6)      November 18, 1999 Newspaper Article "Deputy Sheriff Charged with Assault";

7)      Claudia Weiss' Medical records from Dr. Lee S. Welsler September 28, 1998 through September 27, 2000;

8)      October 6, 2000 Dismissal without Prejudice Of Application for Relief From Abuse;

9)      Records of Dr. Anne Pratt;

10)     November 30, 1999, Marital Dissolution Agreement between Claudia S. Weiss and Martin T. Weiss;

11)     Claudia Weiss' November 27, 1999 Disqualification from Jury Service;

12)     December 23, 1999 conveyance deed transferring Woodstock property;

13)     December 23, 1999 real estate conveyance tax form;

14)     Advertisement for Plaintiff's law practice;

15)     January 3, 2003, Memorandum of Decision <u>Claudia S. Weiss v. Martin T. Weiss</u> Docket No. FA 99-0071672S;

16)     Robert Young's 1999 Tax Return;

17)     Robert Young's 2000 Tax Return;

18)     Robert Young's 2001 Tax Return;

WOLF, HOROWITZ, ETLINGER & CASE,  L. L. C. *Counselors At Law*
99 Pratt Street, Hartford, Connecticut 06106-1817 *(860) 724-6667 * Fax (860) 293-1979 * Juris No. 402488

19)    November 18, 1999 letter from Martin Weiss to representative client of Claudia Weiss.

20)    October 30, 1999 Police Report, Sturbridge, Massachusetts Police Department.

21)    Sturbridge Police Department booking videotape, October 30, 1999.

22)    Transcript of proceeding in Weiss v. Weiss, FA 99 0071672S, Rockville Superior Court, January 6, 2000.

23)    Transcript of proceeding in Weiss v. Weiss, FA 99 0071672S, Rockville Superior Court, December 7, 2000 (Sullivan, J.).

24)    Statewide Grievance Committee decision in the matter of Grievance Panel v. Claudia Weiss, Grievance Complaint #99-0178A, and Grievance Panel v. Martin Weiss, Grievance Complaint #99-0178B, issued following the January 6, 2000 Statewide Grievance Committee hearing.

25)    Memorandum of Decision, State of Connecticut v. Peter Weiss, DN CR 99010.

26)    January 2, 2000 letter from Claudia Weiss to Martin Weiss.

27)    Copies of telephone records for calls made to and from the residence of Martin Weiss on January 4, 2000.

28)    January 6, 2000 Application for Injunction filed by Claudia Weiss seeking access to law office.

29)    January 7, 2000 Application for Relief from Abuse filed by Claudia Weiss.

30)    March 1, 2000 letter from Martin Weiss to Attorney Registration Office of the Statewide Grievance Committee.

31)    March 1, 2000 letter from Martin Weiss to Attorney Robert Katz.

WOLF, HOROWITZ, ETLINGER & CASE,  L. L. C. *Counselors At Law*
99 Pratt Street, Hartford, Connecticut 06106-1817 *(860) 724-6667 * Fax (860) 293-1979 * Juris No. 402488

32)    Attorney Registration Form for Claudia Weiss received by Martin Weiss early 2000.

33)    November 29, 1999 letter from Martin Weiss to Don Xenos, Assistant District Attorney.

34)    Weiss v. Weiss, subpoena duces tecum and production in responses thereto by Northstar Insurance and The Patch Insurance Agency, Inc. of MA re: Claudia Weiss' insurance claim for January 4, 2000 motor vehicle accident.

35)    Three photographs of Martin Weiss' vehicle depicting damage by Claudia Weiss.

36)    January 4, 2000 Connecticut State Police Report, Case No. D00-003061, concerning January 4, 2000 date of incident, including all supplemental reports.

37)    January 12, 2000 letter from Martin Weiss to Claudia Weiss.

Defendant, Martin T. Weiss' Exhibits on Counterclaim

1)    Legal bills incurred as a result of claims brought by Claudia Weiss

10)    Trial to Jury:

Stipulation of Uncontroverted Facts:

a)    Robert B. Young was employed by the Law Offices of Weiss & Weiss in 1999 and 2000 as an associate attorney;

b)    Claudia Weiss was an equity partner in the offices of Weiss & Weiss;

c)    Martin Weiss was an equity partner in the Law Offices of Weiss & Weiss;

d)    In 1988 Martin and Claudia Weiss graduated from law school, passed the bar and joined the already established law practice of the Plaintiff's father;

WOLF, HOROWITZ, ETLINGER & CASE,  L. L. C. *Counselors At Law*
99 Pratt Street, Hartford, Connecticut 06106-1817 *(860) 724-6667 * Fax (860) 293-1979 * Juris No. 402488

e)      Martin and Claudia Weiss continued to practice law together until November, 1999;

f)      The Weiss' had such a successful partnership that they amassed significant assets, including a house in Nantucket, a house valued at $545,000.00 in Woodstock, Connecticut, as well as horses and airplanes;

g)      Since about August 1999, Claudia Weiss had been essentially working part-time, coming into the office at ten in the morning and leaving at two in the afternoon;

h)      Claudia Weiss voluntarily left the practice of law in November, 1999;

i)      Prior to November, 1999 Claudia Weiss had indicated she was retiring and moving to Nantucket;

j)      On November 4, 1999 the Plaintiff met with a lawyer to represent her in a Massachusetts' matter;

k)      Shortly thereafter the Plaintiff stopped practicing law and going to the office;

l)      On November 27, 1999, the Plaintiff claimed a disqualification from jury service in Connecticut stating under penalty of false statement, that she was not a resident of Connecticut and that her address was 26 Arlington Street, Nantucket, Massachusetts, the parties' home in Nantucket.

m)      Claudia Weiss subsequently changed her mind and decided to open a law practice in Putnam;

n)      Claudia Weiss did not seek employment as a lawyer with another firm or resume practicing on her own for almost two years;

o)      Claudia Weiss resumed her law practice on August 2, 2001;

p)      The deed conveying the Plaintiff's interest in the Woodstock property to the

Defendant listed her residence as Nantucket; and

q)      Under penalty of false statement the Plaintiff, listed her address as 26 Arlington

Street, Nantucket, on a real estate conveyance tax return.

r)      On October 30, 1999, Claudia S. Weiss was arrested in Sturbridge,

Massachusetts.

s)      On or about November 14, 1999, Claudia S. Weiss' son, Peter Weiss, was

arrested following an altercation with Stephen St. Clair, at the parties' marital residence in

Woodstock, Connecticut.

t)      On or about November 30, 1999, Claudia S. Weiss and Martin T. Weiss,

knowingly and voluntarily, executed a Marital Dissolution Agreement.

u)      On or about December 23, 1999, Claudia S. Weiss and Martin T. Weiss,

participated in a meeting at the office of Weiss & Weiss  and executed documents in furtherance

of various provisions of the November 30, 1999 Marital Dissolution Agreement.

v)      Claudia S. Weiss commenced a divorce action against Martin T. Weiss on

November 30, 1999 seeking a dissolution of their marriage on the grounds of irretrievable

breakdown.

w)      On November 18, 1999, Martin T. Weiss sent a letter to Claudia S. Weiss' clients

informing them Claudia Weiss was retiring from the full-time practice of law as of January 1,

2000 and that she would remain as "of counsel" to the firm for the next year.

x)      The November 18, 1999 letter from Martin Weiss reflected the parties'

understanding as stated in the November 30, 1999 Marital Dissolution Agreement.

WOLF, HOROWITZ, ETLINGER & CASE,  L. L. C. *Counselors At Law*
99 Pratt Street, Hartford, Connecticut 06106-1817 *(860) 724-6667 * Fax (860) 293-1979 * Juris No. 402488

y)      Pursuant to the terms of the Marital Dissolution Agreement, Claudia Weiss' "of counsel" role was to be one of a consultant, without pay.

Agreed Statement of Contested Issues of fact and law:

a)      Whether the filing of the Application for Relief From Abuse was commenced by Robert Young?

b) Whether the Application for Relief From Abuse ended in favor of the Plaintiff?

c) Whether there was probable cause for the filing of the Application For Relief From Abuse?

d) Whether Robert Young acted maliciously in connection with the Application For Relief From Abuse?

e) Whether Martin Weiss acted maliciously in connection with the Application for Relief From Abuse?

f) Whether Martin Weiss committed assault and battery upon Claudia Weiss on January 4, 2000?

g) Whether Martin Weiss falsely imprisoned Claudia Weiss on January 4, 2000?

h) Whether Martin Weiss intentionally caused Claudia Weiss to suffer emotional distress?

i) Whether Claudia Weiss' filing and prosecution of this action constitutes an abuse of process?

j) Whether Claudia Weiss brought this action without probable cause or a bona fide belief in the existence of the facts alleged in her Complaint?

k) Whether Claudia Weiss brought this action with malicious intent?

WOLF, HOROWITZ, ETLINGER & CASE,  L. L. C. *Counselors At Law*
99 Pratt Street, Hartford, Connecticut 06106-1817 *(860) 724-6667 * Fax (860) 293-1979 * Juris No. 402488

l) Whether Martin Weiss sustained damages as a result of Claudia Weiss' filing of this action?

m) Whether the filing of the Application for Relief from Abuse was commenced by Susan Mulvey and Carol Bellman?

n) Whether Susan Mulvey and Carol Bellman acted maliciously in connection with the Application for Relief From Abuse?

Proposed Voir Dire:

## DEFENDANTS REQUESTED JURY VOIRE DIRE

1.    Have you, close family members or friends been involved in any divorce proceedings?

2.    Have you, close family members or friends suffered from physical or emotional abuse?

3.    Have you, close family members or friends applied for a restraining order or relief from abuse or had one issued against you or them?

4.    Have you, close family members or friends suffered from alcohol abuse?

5.    Have you, close family members or friends had dealings with a lawyer?

6.    Do you have strong feelings or opinions about lawyers that would make it difficult for you to serve as juror on this case?

7.    Have you, close family members or friends been involved in or accused of an assault or battery?

8.    Have you, close family members or friends been a party to a lawsuit?

WOLF, HOROWITZ, ETLINGER & CASE,  L. L. C. *Counselors At Law*
99 Pratt Street, Hartford, Connecticut 06106-1817 *(860) 724-6667 * Fax (860) 293-1979 * Juris No. 402488

9.     Do believe that just because the case is being tried before you, that any party's claims have more credence?

10.     In disputes between husband and wife, do you tend to favor either?

11.     Have you, close family members or friends treated for emotional problems?

12.     Will you let your sympathies for any party enter into your deliberations?

13.     Would credit or discredit a police officer's testimony because he is a police officer?

14.     Are you presently or have recently had serious marital problems?

If any juror responds yes to any of these questions, further inquiry is requested.

Defendant's Proposed Jury Instructions:

**Vexatious Litigation:**

The Plaintiff's claim against the Defendants sounds in vexatious litigation. Her claim arises out of the filing and prosecution of a January 5, 2000, Application for Relief From Abuse. It is not disputed that an Application for Relief From Abuse was filed seeking a restraining order against the Plaintiff. I shall first state broadly the elements of the cause of action which the Plaintiff must prove in order to recover on her vexatious litigation claim. In substance, she must prove that:

1.     The January 5, 2000, Application for Relief From Abuse was filed by the Defendants;

2.     The January 5, 2000, Application for Relief From Abuse ended in the Plaintiff's favor;

WOLF, HOROWITZ, ETLINGER & CASE, L. L. C. *Counselors At Law*
99 Pratt Street, Hartford, Connecticut 06106-1817 *(860) 724-6667 * Fax (860) 293-1979 * Juris No. 402488

3.    The Defendants did not have probable cause for the filing of the Application for Relief from Abuse and;

4.    The Defendants filed the Application with malice. [1]

With respect to the first element of the Plaintiff's vexatious litigation claim in order to find in the Plaintiff's favor as to each Defendant, you must find that Defendant filed the Application for Relief from Abuse. If you do not find that one or more of the Defendants filed the Application, then you must find in favor of that Defendant as to the Plaintiff's vexatious litigation claim. It rests in your discretion to determine whether each Defendant filed the Application For Relief From Abuse.

The second element the Plaintiff must prove is that the Application for Relief From Abuse terminated in the Plaintiff's favor. If you find the Application did not terminate in the Plaintiff's favor, then you must find in favor of the Defendants. The Defendants claim the January 5th Application was denied without prejudice as a result of an out of court compromise. If you find the Application was denied without prejudice as part of an out of Court compromise, then the Plaintiff can not prevail on her vexatious litigation claim. [2]

The third element of the case which the Plaintiff must prove is that the Defendants acted without probable cause.[3] When we speak of probable cause in this connection, we mean that the Defendant had knowledge of facts which would be sufficient to justify a reasonable person in believing that there were reasonable grounds for filing the Application for Relief From Abuse. The question is: would a reasonable person, situated as was the Defendant, under the

---

[1] Blake v. Levy, 191 Conn. 257 (1983).

[2] Id.
[3] Cisgrove Development Co., Inc. v. Cafferty, 179 Conn. 670 (1980).

WOLF, HOROWITZ, ETLINGER & CASE, L. L. C. *Counselors At Law*
99 Pratt Street, Hartford, Connecticut 06106-1817 *(860) 724-6667 * Fax (860) 293-1979 * Juris No. 402488

circumstances then existing, believe that there were reasonable grounds for filing the Application for Relief from Abuse? In judging each Defendant's conduct you are to consider the facts and circumstances which existed at the very time the Application was filed.

The burden to prove each Defendant acted without probable cause rests on the Plaintiff. Under the law, she cannot recover unless, upon all the evidence you find it proven that the Defendant acted without probable cause.

The fourth element the Plaintiff must prove in order to establish her cause of action is that the Defendant filed the Application for Relief From Abuse with malice. In the law the word malice has a broader significance than we give to it in ordinary conversation. Malice in law includes hatred or ill will felt for another person, a desire to cause injury to him or her and like states of mind. So, in determining whether, if you find the Defendant filed the Application For Relief From Abuse, he was acting with malice, you must consider whether he had hatred, ill will or such similar state of mind as I have referred to, and, if you do not find that to be so, you still must determine whether the Defendant's conduct was the result of some unjustifiable motive. You can not bring in a verdict for the Plaintiff unless you find that he Defendant acted with malice from all the evidence in the case.

Let me now give you a caution. The dismissal of the January 5th Application does not in itself establish a lack of probable cause or the presence of malice.

To sum up: In order for the Plaintiff to prevail on her vexatious litigation claim she must have proved to you by a fair preponderance of the evidence that the Defendant filed the Application for Relief from Abuse, that the Application terminated in the Plaintiff's favor, that there was no probable cause to file the Application and that the Defendant acted from malice, as

WOLF, HOROWITZ, ETLINGER & CASE,  L. L. C. *Counselors At Law*
99 Pratt Street, Hartford, Connecticut 06106-1817 *(860) 724-6667 * Fax (860) 293-1979 * Juris No. 402488

I have explained these requirements to you. If the Plaintiff has so proved all of these elements, she is entitled to recover.  If she has failed to prove any one of them, then your verdict must be for the Defendants.

In order to prevail on her claim of vexatious litigation, the Plaintiff must prove each of these four elements.  If you find the Plaintiff has not established any one of these elements, then you must find for Defendants.

## Assault & Battery

Here, the plaintiff has alleged that Martin Weiss intentionally assaulted and battered her on January 4, 2000 (See ¶ 20 of Amended Complaint).  Assault in the meaning usually given to it, may be defined as an unlawful application of force or violence to the person of another.  Two elements are necessary:  (1) force or violence must be applied to the plaintiff, and (2) the force or violence must be unlawful.  Here, since plaintiff has alleged that Martin Weiss intentionally assaulted her, she must prove that he intentionally used unlawful force or violence upon her.  And by that I mean, the force must have been applied intentionally rather than by mere accident.

In summary, therefore, the plaintiff must have proven to you by a fair preponderance of the evidence that Martin Weiss did intentionally apply unlawful force or violence to the plaintiff; and unless the plaintiff has so proven, you need go no further in your consideration of this claim, but must render a verdict for the defendant, Martin T. Weiss, on the assault and battery claim.

D. Wright and W. Ankerman, <u>Connecticut Jury Instructions</u> § 400 (4th Ed. 1993)

## False Imprisonment

False imprisonment is the unlawful restraint by one or more persons of the physical liberty of another.  It is an act confining another within the boundaries fixed by the actor for any

time whatsoever, irrespective of whether harm is caused and proved, provided that plaintiff prove: (1) the act is intended to confine the other, (2) the one being confined is conscious of that confinement, and 3) the confinement is not consented to or is otherwise not privileged.

Plaintiff alleges that Martin Weiss approached her in her vehicle in the parking lot of the Harvest Restaurant and over her objection, took the wheel of the vehicle and began driving recklessly. Whether this incident occurred is a factual determination you must make. However, if you find that this allegation is true, you must then determine whether it constitutes false imprisonment. First plaintiff must prove that Martin Weiss intended to and did indeed confine Claudia Weiss within boundaries fixed by Martin Weiss. Then plaintiff must also prove to you that she knew of that confinement and did not consent to it. If the plaintiff fails to prove each of these elements, you must find for the defendant, Martin T. Weiss.

D. Wright and W. Ankerman, <u>Connecticut Jury Instructions</u> § 330 (4th Ed. 1993)

**Intentional Infliction of Emotional Distress**

For plaintiff to prevail for her claim for intentional infliction of emotional distress, she must prove four (4) elements to you: (1) that Martin Weiss intended to inflict emotional distress or that he knew or should have known that emotional distress would likely result from his conduct; (2) that his conduct was extreme and outrageous; (3) that his conduct was the cause of her distress; and (4) that her emotional distress was severe.

Now, it is important that I explain to you what I mean by "extreme and outrageous conduct." This is conduct exceeding all bounds usually tolerated by decent society, of a nature which is especially calculated to cause, and does cause, mental distress of a very serious kind.

The conduct plaintiff alleges was extreme and outrageous, exceeding all bounds usually tolerated by society is that Martin Weiss (1) arranged to have all the locks changed or re-keyed at their office denying plaintiff access (¶ 9 of Amended Complaint); (2) approached her vehicle in the parking lot of the Harvest Restaurant and took the wheel over her objection, drove recklessly resulting in an accident, and left the plaintiff at the accident scene (¶¶ 12-17 of Amended Complaint), and (3) assaulted and threatened her after she entered the marital residence on January 4, 2000 (¶ 18 of Amended Complaint).

To sum up, in order for the plaintiff to prevail on her claim for intentional infliction of emotional distress, she must prove each of the following four (4) elements to you:  (1) that Martin Weiss intended to inflict emotional distress or that he knew or should have known that emotional distress would likely result from his conduct; (2) that his conduct was extreme and outrageous; (3) that his conduct was the cause of her distress; and (4) that her emotional distress was severe.  If plaintiff fails to prove any one of these elements, your verdict must be for the defendant, Martin Weiss.

1 Restatement (Second), Torts § 46
Petyan v. Ellis, 200 Conn. 243, 253 (1986)
Ancona v. Manafort Brothers, Inc., 56 Conn.App. 701, 711-712 (2000)

WOLF, HOROWITZ, ETLINGER & CASE,  L. L. C. *Counselors At Law*
99 Pratt Street, Hartford, Connecticut 06106-1817 *(860) 724-6667 * Fax (860) 293-1979 * Juris No. 402488

**Judicial Notice**

Under our law, the court can take judicial notice of facts previously established in a prior court decision. In this case, the court has taken judicial notice of facts conclusively established in a prior suit between Claudia Weiss and Martin Weiss. This Court has taken judicial notice of the following facts:

a)      In 1988 Martin and Claudia Weiss graduated from law school, passed the bar and joined the already established law practice of the Plaintiff's father;

b)      Martin and Claudia Weiss continued to practice law together until November, 1999;

c)      The Weiss' had such a successful partnership that they amassed significant assets, including a house in Nantucket, a house valued at $545,000.00 in Woodstock, Connecticut, as well as horses and airplanes;

d)      Since about August 1999, Claudia Weiss had been essentially working part-time, coming into the office at ten in the morning and leaving at two in the afternoon;

e)      Claudia Weiss voluntarily left the practice of law in November, 1999;

f)      Prior to November, 1999 Claudia Weiss had indicated she was retiring and moving to Nantucket;

g)      On November 4, 1999 the Plaintiff met with a lawyer to represent her in a Massachusetts' matter;

h)      Shortly thereafter the Plaintiff stopped practicing law and going to the office;

i)      On November 27, 1999, the Plaintiff claimed a disqualification from jury service in Connecticut stating under penalty of false statement, that she was not a resident of Connecticut

WOLF, HOROWITZ, ETLINGER & CASE,  L. L. C. *Counselors At Law*
99 Pratt Street, Hartford, Connecticut 06106-1817 *(860) 724-6667 * Fax (860) 293-1979 * Juris No. 402488

and that her address was 26 Arlington Street, Nantucket, Massachusetts, the parties' home in

Nantucket.

       j)     Claudia Weiss subsequently changed her mind and decided to open a law practice

in Putnam;

       k)     Claudia Weiss did not seek employment as a lawyer with another firm or resume

practicing on her own for almost two years;

Shuttlesworth v. City of Birmingham, 394 U.S. 147, 157, 22 L. Ed. 2d 162, 89 S. Ct. 935 (1969)
(taking judicial notice of record in prior litigation between same parties);
New York ex rel. Spitzer v. Operation Rescue Nat'l, 273 F.3d 184, 199 (2d Cir. 2001) (taking
judicial notice of district court's decision in related proceeding);

<u>Proximate Cause</u>:

      The Plaintiff alleges that on January 5, 2000, the Defendants filed a civil action in the

Windham County Superior Court entitled "Application For Relief From Abuse" against

the Plaintiff.

      Plaintiff contends that the Application and the supporting affidavit were filed

intentionally and in concert and were designed to personally and professionally humiliate,

embarrass and damage the Plaintiff.

      Before you can find the Defendants liable for the Plaintiff's injuries, regardless of the

theory of liability, the Plaintiff must prove by a preponderance of the evidence that the

Defendant's acts or omissions were the proximate or direct cause of her injuries.  A causal

relationship between the Defendants wrongful conduct and the Plaintiff's injuries is a

fundamental element without which the Plaintiff has no case.  To be a legal cause, the conduct

must be both a cause in fact and a proximate cause of the resulting injury.  The test for cause in

fact here is, simply, would the injury have occurred were it not for the Defendants conduct.  A

WOLF, HOROWITZ, ETLINGER & CASE,  L. L. C. *Counselors At Law*
99 Pratt Street, Hartford, Connecticut 06106-1817 *(860) 724-6667 * Fax (860) 293-1979 * Juris No. 402488

proximate cause is an act or failure to act which is a substantial factor in producing a result. To be factors of this degree, they must have continued down to the moment of the damage, or at least down to the setting in motion of the final active injurious force which immediately produced or preceded the damage.

Further, the evidence of causation must be sufficiently clear so that you as jurors could so find without resorting to speculation or conjecture. If you find that the Plaintiff has failed to prove that the Defendants conduct was both a cause in fact and a substantial factor in causing her damages, then you must return a verdict in favor of the Defendants.

D. Wright and W. Ankerman, Connecticut Jury Instructions § 110(a)(1) (4th Ed. 1999 Sup.)

**Martin Weiss' Vexatious Litigation Claim**

Martin Weiss has filed a Counterclaim against Claudia Weiss claiming that her lawsuit against him constitutes vexatious litigation. I have already instructed you on vexatious litigation and the elements that must be proved: (1) that the suit ended in the Martin Weiss' favor, (2) Claudia Weiss did not have probable cause for filing suit, and (3) that the suit was filed with malice. You only address Martin Weiss' vexatious litigation claim if you first enter a defendant's verdict as to Martin Weiss. Then you would go on to consider whether Claudia Weiss filed her suit without probable cause and with malice. I have already instructed you on what constitutes probable cause and malice. If you so find, then you are to enter judgment in favor of Martin Weiss on his counterclaim.

11)    Anticipated Evidentiary Problems:

The Plaintiff is estopped from relitigating certain issues which were decided in the context of the divorce proceeding she commenced against her husband in the matter captioned

<u>Weiss v. Weiss</u> Docket Number FA 99-00716712S.  The doctrine of collateral estoppel, or issue

preclusion, prohibits the relitigation of issues when those issues were actually litigated and

necessarily determined in a prior action. <u>Ashe v. Swenson</u>, 397 U.S. 436, 445 (1970); <u>State v.

Hope</u>, 215 Conn. 570, 584 (1990) <u>cert</u> <u>denied</u>, 498 U.S. 1089 (1991).

> For an issue to be subject to collateral estoppel, it must have been fully and fairly
> litigated in the first action.  It also must have been necessary to the judgment.  The
> doctrine of collateral estoppel is based on the public policy that a party should not be able
> to relitigate a matter which it has already had an opportunity to litigate.

<u>Aetna Casualty & Surety Co. v. Jones</u>, 220 Conn. 285 (1991) (internal citations omitted).

Connecticut does not require mutuality of parties to invoke collateral estoppel. <u>Id</u>. at 300.

Thus, the fact that Defendants Young, Mulvey and Bellman were not parties to the Weiss

divorce proceeding does not prevent them from invoking the doctrine of collateral estoppel

against Plaintiff Claudia Weiss who was a party in that action.  Collateral estoppel will bar a

party from relitigating an issue which he or she has fully and fairly litigated at a prior proceeding

in a subsequent proceeding involving a different opponent.  The doctrine of collateral estoppel

may be invoked against a party to a prior adverse proceeding or against those in privity. <u>Id</u>. at

302-303.

In <u>Aetna Casualty & Surety Co. v. Jones</u>, <u>supra</u>, the Connecticut Supreme Court

examined whether Connecticut required a mutuality of parties for the invocation of the collateral

estoppel doctrine.  In that case, an insurance carrier sought to use collateral estoppel to bar the

heirs of a homicide victim from relitigating the issue of the criminal defendant's intent to cause

the injuries that resulted in the victim's death.  In reliance upon the mutuality of parties rule the

heirs argued collateral estoppel could not be invoked by the carrier because it was not a party to

the criminal case.

WOLF, HOROWITZ, ETLINGER & CASE,  L. L. C. *Counselors At Law*
99 Pratt Street, Hartford, Connecticut 06106-1817 *(860) 724-6667 * Fax (860) 293-1979 * Juris No. 402488

The Court rejected the heirs argument.  It held the mutuality of parties rule was unsound and that mutuality of parties was not a requirement for invoking collateral estoppel. The Court held:

> We agree with the Appellate Court and join those jurisdictions that have concluded that the mutuality of parties rule is unsound.  To allow a party who has fully and fairly litigated an issue at a prior trial to avoid the force of a ruling against him simply because he later finds himself faced by a different opponent is inappropriate and unnecessary.

Id. at 302.

The Court reasoned:

> In light of the scarcity of judicial time and resources, the repeated litigation of issues that have already been conclusively resolved by a court carries a considerable price tag in both money and time.

The Weiss' divorce trial was held before the Honorable Judge Scholl.  Judge Scholl heard many days of testimony and considered extensive briefs submitted by the parties to the divorce action. After the conclusion of the evidence, Judge Scholl issued a Memorandum of Decision containing her factual findings and rulings.

One of the issues in the Weiss' divorce proceeding was whether the Marital and Dissolution Agreement should be summarily enforced.  The Plaintiff claimed it should not.  She argued Martin Weiss prevented her from practicing law prior to signing the agreement and that without an ability to earn a living she would not have waived alimony.  See January 3, 2003 Memorandum of Decision attached hereto as **Exhibit A** at pg. 17.  The Court rejected the Plaintiff's argument.  Id.  Judge Scholl found that Claudia Weiss voluntarily resigned from the practice of law in November, 1999.  Judge Scholl made the following factual findings:

a)    In 1988 Martin and Claudia Weiss graduated from law school, passed the bar and joined the already established law practice of the Plaintiff's father;

b)      Martin and Claudia Weiss continued to practice law together until November, 1999;

c)      The Weiss' had such a successful partnership that they amassed significant assets, including a house in Nantucket, a house valued at $545,000.00 in Woodstock, Connecticut, as well as horses and airplanes;

d)      Since about August 1999, Claudia Weiss had been essentially working part-time, coming into the office at ten in the morning and leaving at two in the afternoon;

e)      Claudia Weiss voluntarily left the practice of law in November, 1999;

f)      Prior to November, 1999 Claudia Weiss had indicated she was retiring and moving to Nantucket;

g)      On November 4, 1999 the Plaintiff met with a lawyer to represent her in a Massachusetts' matter;

h)      Shortly thereafter the Plaintiff stopped practicing law and going to the office;

i)      On November 27, 1999, the Plaintiff claimed a disqualification from jury service in Connecticut stating under penalty of false statement, that she was not a resident of Connecticut and that her address was 26 Arlington Street, Nantucket, Massachusetts, the parties' home in Nantucket.

j)      Claudia Weiss subsequently changed her mind and decided to open a law practice in Putnam;

k)      Claudia Weiss did not seek employment as a lawyer with another firm or resume practicing on her own for almost two years;

WOLF, HOROWITZ, ETLINGER & CASE,  L. L. C. *Counselors At Law*
99 Pratt Street, Hartford, Connecticut 06106-1817 *(860) 724-6667 * Fax (860) 293-1979 * Juris No. 402488

Each of these facts were fully and fairly litigated in the divorce action.  These issues were actually decided and the decision was necessary to the judgment in the divorce action.  Based upon the Connecticut Supreme Court's holding in <u>Aetna Casualty & Surety Co. v. Jones</u>, <u>supra</u>, the Plaintiff is estopped from relitigating these issues.

<u>Defendant Robert Young's response to Plaintiff's Joint Trial Memorandum</u>

Section 5: Proposed Stipulations:

1. Defendant's filed Application and Affidavit. . .: Defendant Young will not agree to this proposed stipulation.

3. Other Defendants hired Attorney Egan to prosecute application.  Defendant Young will not agree to this proposed stipulation.

5. Defendant's objected to Plaintiff's Motion to Dismiss:     Defendant Young will not agree to this proposed stipulation.

6. Application was dismissed October 6, 2000. Defendant Young will not agree to this proposed stipulation.

Section 11: Plaintiff's Exhibits: Defendant Young objects to the following exhibits on the basis of relevancy and hearsay:

3. Judicial Department Publication/Poster. . .

6. Transcript Superior Court proceeding 1/18/00;

7. Motion to Dismiss 1/10/00

8. Court Calendars-Tolland

9. Reclaim Tolland

10. Judicial Website printouts

WOLF, HOROWITZ, ETLINGER & CASE,  L. L. C. *Counselors At Law*
99 Pratt Street, Hartford, Connecticut 06106-1817 *(860) 724-6667 * Fax (860) 293-1979 * Juris No. 402488

11. Atty. Eagan's Appearance and papers. . .

12 Notices of Depositions . . .

13. Transcript of Testimony

14. Vol. Fire Dept. .

17. Letter dated Jan, 2000 to Dept. . .

 Section 12. Deposition Testimony:

       Defendant Young objects to each deposition on the basis that it contains testimony which is irrelevant, immaterial, and/or contain hearsay.

       <u>Defendant Martin Weiss' response to Plaintiff's Joint Trial Memorandum:</u>

Section 5: Proposed Stipulations:

1. Defendant's filed Application and Affidavit. . .: Defendant Weiss will not agree to this proposed stipulation.

3. Other Defendants hired Attorney Egan to prosecute application.  Defendant Weiss will not agree to this proposed stipulation.

5. Defendant's objected to Plaintiff's Motion to Dismiss:     Defendant Weiss will not agree to this proposed stipulation.

6. Application was dismissed October 6, 2000. Defendant Weiss will not agree to this proposed stipulation.

Section 11: Plaintiff's Exhibits: Defendant Weiss objects to the following exhibits on the basis of relevancy and hearsay:

3. Judicial Department Publication/Poster. . .

6. Transcript Superior Court proceeding 1/18/00;

7. Motion to Dismiss 1/10/00

8. Court Calendars-Tolland

9. Reclaim Tolland

10. Judicial Website printouts

11. Atty. Eagan's Appearance and papers. . .

12 Notices of Depositions . . .

13. Transcript of Testimony

14. Vol. Fire Dept. .

17. Letter dated Jan, 2000 to Dept. . .

 Section 12. Deposition Testimony:

      Defendant Weiss objects to each deposition on the basis that it contains testimony which

is irrelevant, immaterial and/or contains hearsay.

      <u>Defendants Susan Mulvey and Carol Bellman's response to Plaintiff's Joint Trial
 Memorandum:</u>

Section 5: Proposed Stipulation:

Defendants Susan Mulvey and Carol Bellman will not agree to proposed stipulations 1, 3

5 and 6

Section 11: Plaintiff's Exhibits:

Defendants Susan Mulvey and Carol Bellman object to the following exhibits on the

basis of relevancy and hearsay:

Exhibit 3.  Judicial Department Publication/Poster

Exhibit 6.  Transcript of superior Court proceeding Jan 18, 2000

Exhibit 7.  Motion to Dismiss dated Jan 10, 2000

WOLF, HOROWITZ, ETLINGER & CASE,  L. L. C. *Counselors At Law*
99 Pratt Street, Hartford, Connecticut 06106-1817 *(860) 724-6667 * Fax (860) 293-1979 * Juris No. 402488

Exhibit 8.  Court Calendars – Tolland Superior Court

Exhibit 9.  Reclaim Tolland superior Court

Exhibit 10.  Judicial Website print out of scheduled proceedings

Exhibit 11.  Attorney Egan's Appearance and papers

Exhibit 12.  Notices of Depositions for all defendants

Exhibit 13.  Transcripts of testimony

Exhibit 14.  Volunteer Fire Dept Reports

Exhibit 17.  Letter dated January, 2000 to Department Public Safety

Section 12:  Deposition testimony:

Defendants Susan Mulvey and Carol Bellman object to each deposition listed on the basis

that they contain testimony which is irrelevant, immaterial and hearsay.

WOLF, HOROWITZ, ETLINGER & CASE,  L. L. C. *Counselors At Law*
99 Pratt Street, Hartford, Connecticut 06106-1817 *(860) 724-6667 * Fax (860) 293-1979 * Juris No. 402488

**DEFENDANT, MARTIN T. WEISS**


_____
Charles E. Vermette (ct 07434)
LITCHFIELD CAVO
40 Tower Lane, Suite 200
Avon, CT 06001
(860) 255-5577
(860) 255-5566 (Fax)

WOLF, HOROWITZ, ETLINGER & CASE,  L. L. C. *Counselors At Law*
99 Pratt Street, Hartford, Connecticut 06106-1817 *(860) 724-6667 * Fax (860) 293-1979 * Juris No. 402488

## CERTIFICATE OF SERVICE

This is to certify that a copy of the *Joint Trial Memorandum* was served by First Class

U.S. Mail this on 10/31/2003 to:


William R. Moller, Esq.
Moller, Peck & O'Brien, LLC
1010 Wethersfield Avenue, Suite 305
Hartford, CT 06114

Claudia S. Weiss, Esq, *pro se*
112 Main Street
P.O. Box 666
Putnam, CT 06260

John B. Oestreicher, Esq.
Shea & Oestreicher, P.C.
P.O. Box 13
275 Branford Road
North Branford, CT 06471

Deborah Etlinger, Esq.
Andrea Barton Reeves, Esq.
Wolf, Horowitz, Etlinger, & Case, LLC
241 Main Street
Hartford, CT 06106

Denise Ansell, Esquire
Ansell Laben Law Offices
94 Broad Street
New London, CT 06320

_____
Charles E. Vermette, Jr.

WOLF, HOROWITZ, ETLINGER & CASE,  L. L. C. *Counselors At Law*
99 Pratt Street, Hartford, Connecticut 06106-1817 *(860) 724-6667 * Fax (860) 293-1979 * Juris No. 402488