

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CLAUDIA S. WEISS,
    *Plaintiff*

v.

MARTIN T. WEISS,         :    CIVIL ACTION
ROBERT B. YOUNG,         NO. 301CV1658 (DJS),
SUSAN MULVEY,
AND CAROL BELLMAN,      OCTOBER 29, 2003
    *Defendants*

## JOINT TRIAL MEMORANDUM

1. **Trial Counsel:**

    Plaintiff:    Claudia Weiss    Attorney William Moller
                                                       1010 Wethersfield Avenue Suite 305
                                                       Hartford, CT 06114

    Defendants:  Martin Weiss    Charles Vermette
                                                       Litchfield Cavo
                                                       40 Tower Lane Suite 200
                                                       Avon, CT 06001

                            Robert C. Young  Deborah Etlinger
                                                     99 Pratt Street
                                                     Hartford, CT 06106

                            Susan Mulvey     John Oestreicher
                            Carol Bellman    275 Branford Rd. P.O.Box 13
                                                   No. Branford, CT 06471

2. **Jurisdiction :** 28 U.S.C. 1332

3. Jury

4. **Nature of Case** : Tort Action alleging False Imprisonment, Assault and Battery, Intentional Infliction of Emotional Distress, Vexatious Suit (Common Law) and Vexatious Suit (Statutory)

5. **Proposed Stipulations** :

   Defendant's filed Application and Affidavit in Support thereof pursuant to Conn. Gen. Stat. 46B – 15 on Jan. 5, 2000 in Windham County Superior Court at Putnam, Connecticut

   Defendant Weiss hired Attorney Hill to prosecute application

   Other Defendants hired Attorney Egan to prosecute application.

   Plaintiff filed Motion to Dismiss Application claiming it was frivolous and vexatious; motivated by malice; lacking in probable cause, and that all defendants except defendant Martin Weiss lacked standing.

   Defendant's objected to Plaintiff's Motion to Dismiss

   Application was dismissed October 6, 2000.

6. **Plaintiff's Contentions** :

   *False Imprisonment, Assault and Battery, Intentional Infliction of Emotional Distress :*

   Plaintiff contends that Martin Weiss falsely imprisoned her in a motor vehicle the evening of January 4, 2000 and further than Martin Weiss drove the vehicle in an extremely reckless and dangerous manner causing the vehicle to go off the road and turn over. Defendant Martin Weiss then fled the scene. The incident inflicted emotional distress and great fear upon plaintiff as well as physical injury.

*Vexatious Suit ( Common Law ) :*

Plaintiff was locked out of the Office of Weiss and Weiss during the later part of December, 1999.

Plaintiff send defendant Martin Weiss a letter at former Law Office via fax dated Jan. 2 or 3 rd, 2000 and thereafter Deputy Sheriff David Page served the letter at that office.

The events of the evening of January 4, 2000 occurred.

Defendant's filed Application with Supporting Affidavit signed by all parties on Jan. 5, 2000. Application alleged imminent continuous threat of physical harm and sexual molestation by respondent Claudia Weiss.

Plaintiff filed Motion to Dismiss Application on or about Jan. 10, 2000 claiming it was frivolous and vexatious in nature, lacked probable cause, that all defendants other than Martin Weiss lacked standing and that it was maliciously motivated to hurt respondent professionally and personally.

Plaintiff Claudia Weiss and Defendant Martin Weiss appear for hearing Jan. 18, 2000. Other defendants, although under subpoena, do not appear. Over objection of Attorney Jeffrey Hill the Court ( Potter, J. ) transfers Application for Relief from Abuse to Tolland County Superior Court to be consolidated with the pending action for Dissolution of Marriage.

Respondent ( Plaintiff's ) Motion to Dismiss was re-claimed for hearing in Tolland County Superior Court. All parties were notified of ready marking but did not appear.

All defendant ( Applicants) other than Martin Weiss hired Attorney Thomas Egan to represent them. Attorney Egan filed his appearance in the Tolland County Superior Court indicating he represented the other five defendants ( Applicants ) in the now consolidated actions for Dissolution of Marriage and Applications for Relief from Physical and Sexual Abuse. Attorney Egan filed written objections to respondent ( Plaintiff's) Motion To Dismiss.

Applicant ( Defenant ) Martin Weiss, through his attorney, Hill, filed a Motion to Transfer the Application back to the Windham County Superior court and re-claimed that motion several times through October, 2000 but did not appear to argue the motion.

On October 6, 2000, the respondent ( Plaintiff's) Motion to Dismiss was Granted without prejudice.

Plaintiff expended approximately $ 11, 000 in counsel fees and costs in Connection with Defendant's Application.

Plaintiff sustained emotional, physical, and economic damages as the result of Defendant's Application.

Plaintiff alleges the defendant's actions constitute common law vexatious suit and that, as to defendant Weiss, also constitute intentional infliction of emotional distress.

Plaintiff claims exemplary damages.

*Vexatious Suit ( Statutory – Pursuant to Conn. Gen. Stat. 52 – 568 )*

Plaintiff claims the actions of the defendants, as set forth above under common law vexatious suit, also constitute statutory vexatious suit pursuant to Conn. Gen. Stat. 52 – 568.

Plaintiff claims double and treble damages pursuant to said statute.

7. **Defendant's Contentions :**

8. **Legal Issues :** Liability and Damages

9. **Voir Dire Questions :** To be submitted one week in advance of jury selection.

10. **List of Witnesses :**

    Plaintiffs :  The parties
    Monica Clapp
    Carrie Gervais
    Deputy Sheriff Page
    Paul Black
    Norma Arel
    Sylvia Stevens-Zingrone
    Helene Opecensky
    Steven St. Clair
    Anne Pratt ( Expert )
    I. David Marder
    Robert Katz
    Thomas Egan
    Jeffrey Hill

    Defendants :

## 11. Exhibits:

Plaintiffs:

        Letter dated Jan. 2,3, 2000 with Deputy Sheriff's Return
        Copy Conn. Gen Stat. 46B –15 ( as of Jan. 5, 2000)
        Judicial Dept. Publication/Poster regarding Standing
            requirements and criteria for Applications
        Application for Relief from Abuse filed by Defendant's
            Jan. 5, 2000 with supporting affidavit
        Application for Relief from Abuse filed by Plaintiff Jan.
            2000
        Transcript of Superior Court proceedings Jan. 18, 2000
        Motion to Dismiss dated Jan.10, 2000
        Court Calendars – Tolland Count Superior Court
        Reclaims Tolland County Superior Court
        Judicial Website Print Out of Scheduled Proceedings
        Attorney Egan's Appearance and papers filed by
          by Attorney Egan
        Notices of Deposition and Subpoena's Duces Tecum
          for all defendants
        Transcripts of Testimony ( Weiss v. Weiss )
        Vol Fire Dept. Reports/ State Police Reports/File
        Report of Dr. Anne Pratt
        Letter dated Nov. 18, 1999 signed by Martin Weiss
        Letter dated Jan., 2000 to Department of Public Safety
          Signed by Martin Weiss

Defendants:

## 12. Deposition Testimony:

Plaintiff:    Deposition of Martin Weiss
                Deposition of Trooper Black
                Deposition of Attorney Egan
                Deposition of Carrie Gervais
                Deposition of Carol Bellman
                Deposition of Robert Young
                Deposition of Susan Mulvey
                Deposition of Monica Clapp

13. **Requests for Jury Instrucitons :** to be submitted during or at the conclusion of evidence. Instruction on " Standing to Sue" will be requested by plaintiff as to defendant's standing to prosecute Application for Relief from Physical and Sexual Abuse.

   Instruction of Double and Treble Damage Provisions of Conn. Gen. Stat. 52 – 568.

14. **Anticipated Evidentiary Problems -** Motions in Limine will will address these problems after jury selection and prior to trial.

15. **Proposed findings and Conclusions :** Not Applicable.

16. **Trial Time :**

   Plaintiff :  Five days.

   Defendant :

17. **Further Proceedings :** Motions In Limine; Request for Opening Statement

18. **Election for Trial by Magistrate :**

   Plaintiff: accepts jury trial with magistrate.

   Defendants :

PLAINTIFF, CLAUDIA S. WEISS

By _____
WILLIAM R. MOLLER, ESQ. (CT04231)
**MOLLER, PECK AND O'BRIEN, L.L.C.**
1010 Wethersfield Avenue - Suite 305
Hartford, Connecticut 06114